NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SCIOSCIA, <br><br> Plaintiff, <br><br> v. <br><br> WALMART CORP., <br><br> Defendant. | Civ. No. 23-01940 (CCC) <br><br> **OPINION & ORDER** |

**CECCHI, District Judge**

This matter comes before the Court upon defendant Walmart Corp.'s[1] ("Defendant" or "Walmart") motion to dismiss plaintiff David Scioscia's ("Plaintiff") complaint (ECF No. 1, Ex. A ("Compl.")) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. Plaintiff filed a response in opposition (ECF No. 7), and Defendant replied (ECF No. 9). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**WHEREAS** the instant action arises out of Plaintiff's tenure as a Walmart employee and Walmart's ultimate termination of Plaintiff's employment. Plaintiff, a New Jersey resident, was a Walmart employee for approximately twenty years. Compl. ¶¶ 1, 3. The complaint alleges that in the Fall of 2022, Plaintiff's manager asked him to speak to an unspecified coworker (the "Coworker") about the Coworker's aggressive behavior. *Id.* ¶ 5. Plaintiff contends that the Coworker "had a problematic employment history," "had encounters with other employees," and that "his direct supervisor had expressed that she was afraid of that [Coworker]." *Id.* ¶ 4. Plaintiff

---

[1] Plaintiff incorrectly identifies Walmart Inc. as "Walmart Corp." *See* ECF No. 2 (Corporate Disclosure Statement).

avers that, in accordance with his manager's instructions, "he approached the [Coworker] in a calm and steady manner." *Id.* ¶ 6. Nevertheless, the Coworker, without provocation, "viciously began to assault the Plaintiff," which continued as the two fell to the ground. *Id.* ¶¶ 6–7. The assault, which was captured on video, caused Plaintiff to suffer "serious injuries" requiring surgery. *Id.* ¶ 6. Following the attack, Walmart fired Plaintiff and denied him disability payments. *Id.* ¶ 7; and

**WHEREAS** on April 5, 2023, Walmart filed a notice of removal of Plaintiff's complaint, originally filed in the Superior Court of New Jersey, Law Division, Middlesex County, on March 3, 2023. ECF No. 1 ¶ 1. Plaintiff's complaint includes claims for: "Wrongful Termination of Employment in Violation of Public Policy" (Count One); "Whistleblower Retaliation" (Count Two); Intentional Infliction of Emotional Distress (Count Three); and Negligent Hiring, Supervision, and Retention (Count Four).[2] *See generally* Compl. On April 25, 2023, Walmart filed the instant motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. On June 5, 2023, Plaintiff filed an opposition to Walmart's motion (ECF No. 7), and on June 12, 2023, Walmart filed a reply in support of its motion (ECF No. 9); and

**WHEREAS** to survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked

---

[2] In Plaintiff's opposition, Plaintiff notes that he "withdraws without prejudice Count One of the Complaint." Opp. at 2. Therefore, the Court does not consider Walmart's arguments for dismissal of Plaintiff's wrongful termination claim.

assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted). Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); and

**WHEREAS** Walmart moves to dismiss Plaintiff's claim for "Whistleblower Retaliation." Plaintiff's complaint does not specify under what law he pursues his retaliation claim. To the extent Plaintiff seeks relief pursuant to New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-1, *et seq.* for retaliation, Plaintiff must allege that "(1) he [] reasonably believed that his [] employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he [] performed a 'whistle-blowing' activity . . .; (3) an adverse employment action was taken against him []; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action." *Duong v. Benihana Nat'l Corp.*, No. 21-1088, 2022 WL 1125392, at *3 n.5 (3d Cir. Apr. 15, 2022) (quoting *Dzwonar v. McDevitt*, 177 N.J. 451, 462 (2003)); and

**WHEREAS** Walmart argues that Plaintiff's CEPA claim should be dismissed for failure to sufficiently plead allegations that satisfy the first, second, and fourth prongs. ECF No. 4-1 ("Def. Br.") at 9. Regarding the first CEPA prong, "[i]n *Dzwonar*, . . . the New Jersey Supreme Court stated that 'the *trial court* must identify a statute, regulation, rule, or public policy that closely relates to the complained-of conduct,' and the court 'should enter judgment for a defendant when no such law or policy is forthcoming.'" *Brower v. Acorn Advisors Grp. Holdings, LLC*, No. 17-CV-8830 (CS), 2018 WL 4830092, at *4 (S.D.N.Y. Oct. 4, 2018) (applying New Jersey law) (quoting *Dzwonar*, 177 N.J. at 463). Here, Plaintiff merely contends that he "raised complaints of

3

actual and/or potential illegality, while he worked for [Walmart]." Compl. ¶ 15. Plaintiff's complaint neither specifies what law, rule, regulation, or clear mandate of public policy he reasonably believed Walmart was in violation of, nor does it provide sufficient factual allegations for the Court to make such a determination on its own.[3] Thus, Plaintiff's allegations as pleaded fail to satisfy the first prong of a CEPA claim. *See Goins v. Newark Hous. Auth.*, No. CV152195KMJBC, 2019 WL 1417850, at *19 (D.N.J. Mar. 29, 2019), *on reconsideration in part,* No. CV152195KMJBC, 2019 WL 6769266 (D.N.J. Dec. 11, 2019) (rejecting CEPA claim because "[plaintiff ha[d] failed to identify the legal violations she reported, and the court w[ould] not speculate as to what they were"); and

**WHEREAS** turning to the second CEPA prong, Plaintiff must allege that he or she engaged in a whistle-blowing activity. *Duong*, 2022 WL 1125392, at *3 n.5. CEPA protects both employees who "disclose or threaten to disclose" information to a supervisor or public body and those who "simply refrain from acting." *Stapleton v. DSW, Inc.*, 931 F. Supp. 2d 635, 639 (D.N.J. 2013) (citing N.J. Stat. Ann. § 34:19–3a; *Young v. Schering Corp.*, 275 N.J. Super. 221, 235 (App. Div. 1994), *aff'd,* 141 N.J. 16 (1995)). Here, Plaintiff's complaint does not allege that he either engaged in such a disclosure activity or that he refrained from acting in light of the employer's purported wrongdoing. Plaintiff's opposition brief indicates that "he was terminated after reporting his assault at the hands of a known problem employee" "in violation of clear mandates

---

[3] Plaintiff's opposition argues that Walmart's conduct violated "OSHA and New Jersey labor laws [which] clearly establish a duty on the part of an employer to protect against violence in the workplace." Opp. at 4. Plaintiff contends that "[t]his is a clear mandate of public policy." *Id.* However, Plaintiff makes no such mention of this in his complaint, as is required to state a claim (*see Hitesman v. Bridgeway, Inc.*, 218 N.J. 8, 33, 93 A.3d 306, 320 (2014)), and his opposition brief may not amend his complaint to satisfy this requirement. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." (citation omitted)).

of public policy under OSHA, State Rules[,] and case law." Opp. at 5. However, his complaint makes no such mention of this reporting activity occurring. Again, as discussed in footnote three, *supra*, Plaintiff's opposition brief cannot amend his complaint for purposes of surviving a motion to dismiss. *Rosado v. Mueller*, No. CV 15-3999 (ES), 2016 WL 4435672, at *4 (D.N.J. Aug. 17, 2016) ("Although Plaintiff's opposition to Defendants' motion to dismiss contains numerous factual allegations that *may*—in a pleading that meets the requirements of Rule 8(a)—establish the requisite elements of a discrimination claim, Plaintiff may not amend his complaint by way of an opposition brief." (citation omitted)). Thus, Plaintiff's allegations are also insufficient as to the second prong of a CEPA claim. *See PBA Loc. 183 v. Cnty. of Essex*, No. CV 17-06962 (SRC), 2019 WL 5168688, at *11 (D.N.J. Oct. 15, 2019) ("Notably, the Complaints fail to allege that Plaintiffs performed a 'whistle-blowing' activity under the act. A factual allegation pleading this is a required element of a cause of action under the CEPA." (citations and quotations omitted)); and

**WHEREAS** finally, considering the fourth CEPA prong, Plaintiff must establish a causal connection between a whistle-blowing activity and an adverse employment action. *Duong*, 2022 WL 1125392, at *3 n.5. Because Plaintiff does not identify any whistle-blowing conduct in his complaint, his allegations as pleaded do not satisfy this requirement. *See PBA Loc. 183*, 2019 WL 5168688, at *11 ("However, without identifying what the whistle-blowing activity was, the Complaint fails [to] establish this required causal nexus, and the Complaint cannot survive Defendant's motion to dismiss for failure to state a claim."); *Griffin v. Metromedia Energy, Inc.*, 2011 WL 12872504, at *3 (D.N.J. Feb. 7, 2011) ("Plaintiff cannot satisfy the fourth prong (causal connection) simply by satisfying the third prong (adverse employment action) and then stating in a conclusory fashion that the termination was in retaliation for the unknown whistleblowing

activity."). Therefore, the Court will grant Walmart's motion to dismiss Plaintiff's whistleblower retaliation claim (Count Two); and

**WHEREAS** Walmart also moves to dismiss Plaintiff's intentional infliction of emotional distress claim. "Under New Jersey law, to make out a *prima facie* case of [intentional infliction of emotional distress], a plaintiff must show that: (1) the defendant acted intentionally [or recklessly]; (2) the defendant's conduct was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community; (3) that the conduct proximately caused the plaintiff emotional distress; and (4) the emotional distress was so severe that no reasonable person could be expected to endure it." *Cagno v. Ivery*, No. CV1920384ZNQTJB, 2022 WL 17887231, at *8 (D.N.J. Dec. 23, 2022) (citing *Segal v. Lynch*, 413 N.J. Super. 171, 186–87 (App. Div. 2010)). "This standard is exceedingly difficult to meet in the employment context, where courts have been particularly reluctant to allow claims of [intentional infliction of emotional distress] by discharged employees against their employers." *Bishop v. Inacom, Inc.*, No. CIV. A. 99-664 (JBS), 1999 WL 1416919, at *9 (D.N.J. Dec. 1, 1999) (citing *Pitak v. Bell Atlantic Network Services, Inc.*, 928 F. Supp. 1354, 1372 (D.N.J. 1996)); and

**WHEREAS** Plaintiff alleges, in sum and substance, that Walmart failed to intervene with the problematic Coworker and that Plaintiff's manager asked him to confront the Coworker about the Coworker's behavior. *See* Compl. ¶¶ 5–7. The alleged conduct, as pleaded, is insufficient to plausibly constitute an intentional or reckless act that is "utterly intolerable in a civilized community." *Cagno*, 2022 WL 17887231, at *8. Moreover, Plaintiff's complaint does not adequately plead the severe emotional distress component of an intentional infliction of emotional distress claim. "Severe emotional distress means any type of severe and disabling emotional or

mental condition which may be generally recognized and diagnosed by professionals trained to do so, including ... posttraumatic stress disorder." *Anastasia v. Cushman & Wakefield*, No. CIV.A. 08-1880(JLL), 2009 WL 723379, at *5 (D.N.J. Mar. 13, 2009) (quoting *Taylor v. Metzger,* 152 NJ. 490, 515 (1998)). "Generalized allegations of aggravation, embarrassment and loss of sleep are insufficient to support a claim for severe mental distress." *Id.* Here, Plaintiff merely states in a cursory manner that Walmart's actions "caused plaintiff extreme emotional distress," including "humiliation . . . and mental . . . anguish." Compl. ¶¶ 21–23. The emotional distress allegations, as pleaded, are insufficient to satisfy the *prima facie* requirement that the "emotional distress was so severe that no reasonable person could be expected to endure it." *Cagno*, 2022 WL 17887231, at *8. *Cf. Taylor,* 152 N.J. at 515 (allowing an intentional infliction of emotional distress claim to survive a motion to dismiss where a doctor's "diagnosis that plaintiff suffered post-traumatic stress disorder permit[ted] a rational factfinder to conclude that she suffered severe emotional distress."). Therefore, the Court will dismiss Plaintiff's intentional infliction of emotional distress claim (Count Three); and

**WHEREAS** lastly, Walmart moves to dismiss Plaintiff's claim for negligent hiring, supervision, and retention. "New Jersey recognizes the tort of negligent hiring or retention of an incompetent, unfit or dangerous employee." *Gargano v. Wyndham Skyline Tower Resorts*, 907 F. Supp. 2d 628, 633 (D.N.J. 2012) (citing *Di Cosala v. Kay*, 91 N.J. 159, 173–74 (1982)). "Employers 'may be liable for injuries to third persons proximately caused by such negligence.'" *Id.* (quoting *Di Cosala*, 91 N.J. at 174). "The cause of action has two elements: (1) that the employer knew or had reason to know of the 'particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons,' and (2) that through the employer's negligence, the employee's

'incompetence, unfitness, or dangerous characteristics proximately caused the injury.'" *Maddox v. City of Newark*, 50 F. Supp. 3d 606, 636 (D.N.J. 2014) (quoting *Di Cosala*, 91 N.J. at 174). Here, Plaintiff's complaint plausibly alleges both elements. First, Plaintiff avers that the Coworker who assaulted him "had a problematic employment history," "had encounters with other employees," and that a supervisor was fearful of the Coworker. Compl. ¶ 4. Moreover, Plaintiff was asked by his manager to speak to the Coworker about the Coworker's "aggressive behavior." *Id.* ¶ 5. Taken together, such allegations plausibly allege that Walmart "knew or had reason to know" about the Coworker's dangerous propensities and could have reasonably foreseen a risk of harm to other Walmart employees. Second, Plaintiff's allegations establish a plausible contention that the act of retaining the Coworker as a Walmart employee despite such knowledge, along with the request from Plaintiff's manager that he speak to the Coworker about the "aggressive behavior," proximately caused Plaintiff to incur his "serious injuries" as a result of the assault. *Id.* ¶ 6. Therefore, the Court will not dismiss Plaintiff's negligent hiring, supervision, and retention claim (Count Four).

**Accordingly, IT IS**, on this 28th day of November, 2023,

**ORDERED** that the Court **GRANTS** Defendant's motion to dismiss (ECF No. 4) as to Counts Two and Three **WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Court **DENIES** Defendant's motion to dismiss (ECF No. 4) as to Count Four; and it is further

**ORDERED** that to the extent Plaintiff is able to cure the pleading deficiencies identified in the Court's Opinion, he shall have thirty (30) days from the date of this Order to file an amended complaint. Insofar as Plaintiff submits an amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the original complaint, by

bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2).

**SO ORDERED.**

*s/Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**